IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| Flora SETAYESH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:18-cv-0335 |
| v. | ) | |
| | ) | |
| STATE OF TENNESSEE; | ) | |
| TENNESSEE BOARD OF REGENTS; | ) | |
| NASHVILLE STATE COMMUNITY COLLEGE; | ) | JURY DEMAND |
| FLORA TYDINGS, individually and in her | ) | Judge Trauger |
| official capacity as Chancellor | ) | Magistrate Judge Newbern |
| of the Tennessee Board of Regents; | ) | |
| and KIM MCCORMICK, individually and in her | ) | |
| official capacity as Interim President for | ) | |
| Nashville State Community College, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**INITIAL CASE MANAGEMENT ORDER**
_____

In accordance with Federal Rule of Civil Procedure 26(f) and Local Rule 16.01(d) of this Court, Plaintiff, Flora Setayesh, and Defendants, Flora Tydings and Kim McCormick, submit this Proposed Initial Case Management Order for consideration by the Court in connection with the Initial Case Management Conference scheduled for Friday, August 3, 2018, at 2:30 p.m.

    A.    JURISDICTION: The parties agree that jurisdiction resides in this Court pursuant to 28 U.S.C.A. § 1331 (in that this lawsuit arises under the laws of the United States), and 28 U.S.C.A. § 1343 (in that this lawsuit seeks to redress for violations of civil rights). This court has supplemental jurisdiction under 28 U.S.C.A. § 1367. Venue is appropriate in this judicial district under 28 U.S.C.A. § 1391(b) because the alleged events that gave rise to this Complaint are alleged to have occurred in this district.

    B.    BRIEF THEORIES OF THE PARTIES:

        1)    PLAINTIFF: The Plaintiff is seeking redress for violations of her First and Fourteenth Amendment rights, by retaliation for speech on matters of public concern, and for violations of

1

her Fifth and Fourteenth Amendment rights, by takings without due process, as well as violations of Tennessee statutory employee protections. This adverse change in employment occurred as the result of her employment with Nashville State Community College. After being appointed to an administrative position in June 2015, she voiced concerns about practices in and around the College that violated College policies and even federal laws. Her voicing of her concerns engendered hostility from other faculty members resulting in a smear campaign against the Plaintiff and leading her to seek assistance from the TBR, who in turn denied her access to the grievance process and refused to investigate Plaintiff's pleas for help in an effort to silence Plaintiff for her speech on matters of public concern.

Ultimately, Plaintiff was transferred back to her faculty position by request but was denied a multitude of benefits, including an agreed salary transfer rate and 30-day notice of transfer, that were guaranteed by her employment agreement and which were consciously ignored by the Defendants in a further effort to silence her speech.

2) DEFENDANT: Defendants deny any violation of the law with respect to Plaintiff.

C. ISSUES RESOLVED: Jurisdiction and venue. Defendants also filed a Motion to Dismiss resulting in the Defendants State of Tennessee, TBR, NSCC, and Tydings and McCormick in their official capacities being dismissed from this case, the federal claims against them being dismissed with prejudice and the pendent state-law claims against them being dismissed without prejudice. Plaintiff's due process claims against McCormick in her individual capacity have also been dismissed with prejudice.

D. ISSUES STILL IN DISPUTE: Liability and damages against Tydings and McCormick in their individual capacities for violations of the First and Fourteenth Amendment (against both Defendants) as well as the Fifth and Fourteenth Amendment (against Tydings) in addition to violations of Tennessee statutory employment protections (T.C.A. § 8-50-116 and T.C.A. § 49-14-103) against both Defendants and inducement to breach of contract (T.C.A § 47-50-109) against McCormick.

E. INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before August 17, 2018.

F. DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before February 15, 2019. Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith, and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

G. MOTIONS TO AMEND: The parties shall file all Motions to Amend on or before September 3, 2018.

H. DISCLOSURE OF EXPERTS: The plaintiff shall identify and disclose all expert witnesses and expert reports on or before November 15, 2018. The defendant shall identify and disclose all expert witness on or before December 15, 2018.

I. DEPOSITIONS OF EXPERT WITNESSES: The parties shall depose all expert witnesses on or before February 28, 2019.

J. JOINT MEDIATION REPORT: The parties shall file a joint mediation report on or before January 31, 2019.

K. DISPOSITIVE MOTIONS: The parties shall file all dispositive motions on or before March 15, 2019. Responses to dispositive motions shall be filed within twenty (20) days after the filing of the motion. Optional replies may be filed within ten (10) days after the filing of the response. Briefs shall not exceed <u>20 pages</u>. No motion for partial summary judgment shall be filed except upon leave of the court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

L. ELECTRONIC DISCOVERY: The parties have reached agreements on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case.

M. ESTIMATED TRIAL TIME: The parties expect the trial to last approximately 2 days. Accordingly, this action is set for a jury trial to begin _____. A separate Order will be entered setting for the remaining pre-trial deadlines. A Pretrial Conference is set for _____.

It is so **ORDERED**.

**ENTERED** this the  3rd  day of August, 2018.

_____
ALETA A. TRAUGER
U.S. District Judge

APPROVED FOR ENTRY:

s/ L. Garrett Anglin
L. Garrett Anglin, BPR #036640
1535 W. Northfield Blvd.
8 Lincoln Square
Murfreesboro, TN 37129

*Attorney for Plaintiff*

s/ John W. Dalton
John W. Dalton, BPR #16653
Senior Counsel
Civil Litigation and State Services Division
Post Office Box 20207
Nashville, Tennessee 37202-0207

*Attorney for Defendant*

4