# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| **FLORA SETAYESH,** | ) |
|       **Plaintiff,** | ) |
| v. | ) Case No. 3:18-cv-00335 |
| | ) Judge Trauger |
| **FLORA TYDINGS and KIM MCCORMICK, in their individual capacities,** | ) |
|       **Defendants.** | ) |

## ANSWER OF DEFENDANTS
## FLORA TYDINGS and KIM MCCORMICK

Come now the Defendants Flora Tydings and Kim McCormick (Defendants), by and through the Attorney General's Office, and respond to the Amended Complaint, pursuant to the numbered paragraphs of the Amended Complaint unless otherwise noted, as follows:

1. Defendants admit Plaintiff seeks redress but deny any violations of law or contract.

2. Defendants deny Plaintiff is entitled to any of the relief sought.

3. Defendants admit this court has jurisdiction over Plaintiff's remaining claims.

4. Defendants admit venue is appropriate but deny unlawful acts and practices.

5. Admitted.

6. Defendant State of Tennessee has been dismissed from this case.

7. Defendant Tennessee Board of Regents has been dismissed from this case.

1

8. Nashville Nashville State Community College has been dismissed from this case.

9. Defendant Flora Tydings has been dismissed from this case in her official capacity. All other allegations of this paragraph are admitted.

10. Defendant Kim McCormick has been dismissed from this case in her official capacity, and she is no longer Interim President of Nashville State. All other allegations of this paragraph are admitted.

11. Defendants admit the first sentence of this paragraph. Defendants are unable to admit or deny the allegations of the second sentence.

12. Admitted.

13. Admitted.

14. Admitted.

15. Defendants are unable to admit or deny what was discussed as they do not know what Plaintiff allegedly discussed with Dr. Van Allen. Defendants deny that the policies referenced applied in the way alleged.

16. Defendants are unable to admit or deny the allegations of the first sentence of this paragraph as they do not know of what Plaintiff allegedly was 'aware.' Defendants deny making any 'promise' to Plaintiff

17. Denied.

18. Defendants are unable to admit or deny the allegations of this paragraph as they do not know what allegedly "was explained" to Plaintiff..

19. Defendants are unable to admit or deny the allegations of this paragraph as they do not know of what Plaintiff allegedly was 'informed' or 'understood.'

20. Denied.

21. Denied.

22. Denied. Plaintiff's written job description was much more detailed.

23. Defendants were not privy to Plaintiff allegedly "voicing concerns' but do aver that the alleged concerns as described in this paragraph would all fall within Plaintiff's official job duties, which were quite broad, per the written job description.

24. Defendants are unable to admit or deny the allegations of this paragraph.

25. Denied.

26. Denied.

27. Denied.

28. Defendants are unable to admit or deny the allegations of this paragraph.

29. Defendants are unable to admit or deny the allegations of this paragraph.

30. Defendants are unable to admit or deny the allegations of this paragraph.

31. Defendants are unable to admit or deny the allegations of this paragraph.

32. Defendants are unable to admit or deny the allegations of this paragraph.

33. Defendants admit that Plaintiff raised the issue of the alleged agreement with Defendant McCormick but deny that there was a binding agreement to be followed.

34. Defendants submit that the email speaks for itself but also submit that it is not accurate as to policy. Defendants further submit that they are not bound by the contents of the email.

35. Defendants are unable to admit or deny the allegations of this paragraph.

36. Defendant Nashville State has been dismissed from this case.

37. Admitted.

3

Case 3:18-cv-00335   Document 30   Filed 08/09/18   Page 3 of 8 PageID #: 172

38. Defendants submit the alleged agreement speaks for itself. However, the last sentence of the paragraph is denied as there is nothing in the alleged agreement about 80%.

39. Admitted.

40. Denied.

41. Denied.

42. Admitted.

43. Defendants admit counsel for Plaintiff sent a letter.

44. Defendants deny that the policy applied to Plaintiff's situation.

45. Denied. The TBR response stated that Plaintiff could return to her faculty position when convenient for Plaintiff **and for the college**.

46. The first sentence is admitted. Defendants aver that Defendant McCormick was previously employed as Vice Chancellor of External Affairs

47. Denied. Interim President McCormick never stated that she intended to ignore the employment agreement.

48. Denied.

49. Defendants aver that Plaintiff was paid her Vice President salary for another 30 days. Defendants further aver that Plaintiff was offered the option of remaining in administration as Executive Director of Community and Civic Engagement at an annual salary of $101,900, but Plaintiff declined the offer. Defendants admit that Plaintiff was told by the HR Director that "there is nothing further to explain."

50. Denied. Plaintiff was offered several options as to teaching schedules.

51. Denied.

4

52. Denied. Upon transferring back to the faculty position, Plaintiff was paid her accrued annual leave in an amount of $28,853 as faculty members do not accrue or get annual leave. Had Plaintiff taken the executive director position that was offered, presumably she could have used annual leave to take her "already scheduled vacation abroad."

53. The first sentence is denied. Defendants are unable to admit or deny the allegations of the second sentence.

54. Admitted.

55. Denied.

56. Denied.

57. Admitted.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. This paragraph does not require a response.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. This paragraph does not require a response. Defendants further submit that paragraphs 72-79 require no response as they refer solely to an alleged breach of contract claim with Nashville State, which has been dismissed from this lawsuit.

80. This paragraph does not require a response. Defendants further submit that paragraphs 81-92 require no response as they refer solely to alleged violations by TBR and Nashville State, both of which have been dismissed from this lawsuit.

93. This paragraph does not require a response.

94. Defendant McCormick denies any violation of the law.

95. Defendants submit the alleged agreement speaks for itself.

96. Defendant McCormick was aware of the employment agreement.

97. Denied.

98. Denied.

99. Defendant McCormick denies inducing a breach of contract.

100. Denied.

101. Denied.

102. Denied.

103. Defendant McCormick denies liability or any violation of the law.

104. Defendant McCormick denies liability or any violation of the law.

105. This paragraph requires no response.

106. Admitted.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Defendants deny liability or any violation of the law.

112. Denied.

Defendants deny that Plaintiff is entitled to any of the relief sought in her Amended Complaint. Any allegations by Plaintiff in her Amended Complaint not otherwise addressed in this Answer are hereby denied. Defendants submit that some or all claims in the Amended Complaint may be barred by statute of limitations. Defendants reserve the right to amend their Answer as necessary.

Respectfully submitted,

**HERBERT H. SLATERY III**
**ATTORNEY GENERAL AND REPORTER**

    s/ John W. Dalton
**JOHN W. DALTON, BPR No. 16653**
**Senior Counsel**
Civil Litigation and State Services Division
UBS Tower, 18th Floor
P.O. Box 20207

Nashville, Tennessee 37202-0207
615-741-8062
john.dalton@ag.tn.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2018, a copy of the Answer was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt as follows:

L. Gilbert Anglin
L. Garrett Anglin
Attorneys for Plaintiff
8 Lincoln Square
1535 West Northfield Blvd.
Murfreesboro, Tennessee 37129
anglin@lawyer4u.com
garrettanglin@gmail.com

All other parties will be served by regular U.S. mail as follows: (n/a). Parties may access this filing through the Court's electronic filing system.

           s/ John W. Dalton
           **JOHN W. DALTON**
           **Senior Counsel**