# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

| | | |
|---|---|---|
| **FLORA SETAYESH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.  3:18-cv-00335** |
| | ) | **Judge Trauger** |
| | ) | |
| **FLORA TYDINGS and KIM** | ) | |
| **MCCORMICK, in their individual** | ) | |
| **capacities,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## DEFENDANTS
## FLORA TYDINGS' and KIM MCCORMICK'S
## REPLY TO PLAINTIFF'S RESPONSE TO THE
## MOTION FOR SUMMARY JUDGMENT

---

Defendants Flora Tydings and Kim McCormick (Defendants), by and through the Attorney

General's Office, have moved this Court to dismiss all claims against them pursuant to Federal Rule

of Civil Procedure 56.  Dismissal for lack of subject-matter jurisdiction is appropriate because under

Tenn. Code Ann. § 9-8-307(b), Plaintiff waived her causes of action before this Court when she filed

a complaint in the Tennessee Claims Commission based on the same acts or omissions alleged in

this case.  Plaintiff, responding in opposition, alleges that the acts or omissions that  form the basis

for her alleged causes of action before this Court are **not** the same acts or omissions which form the

basis of her claim before the Tennessee Claims Commission.  (Document No. 35).    Such an

argument by Plaintiff is disingenuous, risible and thoroughly unpersuasive.

1

## THE CLAIM FOR DAMAGES AND THE AMENDED COMPLAINT ARE

## IDENTICAL AS TO FACTUAL ALLEGATIONS

Even a cursory comparison between the Claim for Damages in the Tennessee Claims Commission and the Amended Complaint before this Court shows that they rely on the same alleged acts or omissions.  The relief requested in both is identical.  (Document No. 7, ¶ 112 and Document 33-1, ¶ 39).  There is no question that the claims in the Tennessee Claims Commission  and in this court   are based on the same or common nucleus of operative facts.  In both actions, Plaintiff's claim for damages is grounded upon an adverse employment action based on allegedly illegal actions and motives. The facts supporting each cause of action are identical and simply vary on the legal theory relied on to support Plaintiff's claim for damages; breach of contract in the Claims Commission and retaliation related to exercise of protected speech before this court.  The only meaningful difference between the two (2) actions is the source of the funds for the damages caused by the alleged breach of contract, individual Defendants versus the State of Tennessee.  (Document No. 7, ¶¶ 102-104 and 109).  Dismissal of Plaintiff's cause of action before this court does not deprive her of the opportunity to seek a remedy, it simply effectuates the election of venues Plaintiff has made to seek redress for the alleged wrongful employment action.  Plaintiff's own words in the Amended Complaint speak for themselves.  Plaintiff alleges that Defendants Tydings and McCormick allegedly conspired to breach her employment contract, thereby allegedly causing an adverse impact to Plaintiff's employment. The very first paragraph of the Amended Complaint states that Plaintiff brings an action "for an adverse change in employment … in breach of contract."   (Document No. 7, ¶ 1).

Moreover, the Claim for Damages in the Tennessee Claims Commission and the Amended Complaint contain **identical** language as to an alleged breach of contract.  Paragraphs 72-76 of the

Amended Complaint in federal court and paragraphs 34-38 of the Claim for Damages in the Tennessee Claims Commission are **exactly the same**. (Document 7 and Document 33-1). No amount of discovery, as requested by Plaintiff, will change that fact.

In her Response, Plaintiff conveniently ignores mentioning the inducement to breach of contract claim which she wishes to pursue against Defendant McCormick for which Plaintiff seeks **treble** damages. (Document No. 7, ¶ 103). To allow Plaintiff to go forward with the Amended Complaint in this Court would mean Plaintiff is asking for **quadruple** damages on the alleged breach of contract claim; actual damages in the Claims Commission and treble damages in this Court. Such an unjust enrichment is patently unfair.

For the reasons previously argued by Defendants, summary judgment should be granted and this case should be dismissed. The dispositive question is not one of fact but of law. Plaintiff elected her exclusive remedy when she chose to file with the Tennessee Claims Commission. As a result, this Court no longer has subject-matter jurisdiction. Subject-matter jurisdiction cannot be waived "because it is the basis for the court's authority to act." *Meighan v. U.S. Sprint Commc'ns. Co.,* 924 S.W.2d 632, 639 (Tenn.1996) (citation omitted). Indeed, "[t]he concept of subject matter jurisdiction implicates a court's power to adjudicate a particular type of case or controversy." *Staats v. McKinnon,* 206 S.W.3d 532, 541–42 (Tenn.Ct.App.2006) (citations omitted). Whether explicitly or by necessary implication, "[a] court derives its subject matter jurisdiction ... from the Tennessee Constitution or from legislative acts." *Id.* (citations omitted). Pursuant to Federal Rule of Civil Procedure 12(h)(3), "(i)f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Respectfully submitted,

**HERBERT H. SLATERY III**
**ATTORNEY GENERAL AND REPORTER**

s/ John W. Dalton

**JOHN W. DALTON, BPR No. 16653**
**Senior Assistant Attorney General**
Civil Litigation and State Services Division
UBS Tower, 18th Floor
P.O. Box 20207
Nashville, Tennessee 37202-0207
615-741-8062
john.dalton@ag.tn.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2018, a copy of the Defendants' Reply was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt as follows:

4

L. Gilbert Anglin
L. Garrett Anglin
Attorneys for Plaintiff
8 Lincoln Square
1535 West Northfield Blvd.
Murfreesboro, Tennessee 37129
anglin@lawyer4u.com
garrettanglin@gmail.com


All other parties will be served by regular U.S. mail as follows:  (n/a).  Parties may access this filing through the Court's electronic filing system.

                                           s/ John W. Dalton                          
                         **JOHN W. DALTON**
                         Senior Assistant Attorney General

5