IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

FLORA SETAYESH, )
)
    Plaintiff, )
) NO. 3:18-cv-00335
v. ) JUDGE RICHARDSON
)
FLORA TYDINGS and KIM )
MCCORMICK, )
)
    Defendants. )

# **MEMORANDUM OPINION**

Pending before the Court is Defendants' Motion for Summary Judgment (Doc. No. 31). Plaintiff has filed a Response (Doc. No. 35), and Defendants have filed a Reply (Doc. No. 36).

# **BACKGROUND**

Plaintiff's Amended Complaint (Doc. No. 7) alleges that she has been employed by Nashville State Community College ("Nashville State") since August of 2001. She asserts that, on or about June 30, 2015, Nashville State promoted her to Vice President of Institutional Effectiveness, as evidence by a Notice of Appointment and Agreement of Employment ("the Agreement"). Plaintiff avers that the Agreement expressly incorporated certain policies of the Tennessee Board of Regents ("TBR") concerning any changes from fiscal year contracts (administrative employees) to academic year contracts (faculty employees). Plaintiff contends that those policies indicate that conversions from an administrative salary (per a fiscal year contract) to a faculty salary (per an academic year contract) will result in a salary of no less than 80% of fiscal year salary. Plaintiff claims she specifically discussed these conversion policies with the

President of Nashville State at the time of her promotion and that she understood and was informed that these policies were binding and were part of her employment contract.

Plaintiff asserts that, during her time as an administrator, she was a vocal proponent on issues relating to the proper functioning of Nashville State, voicing concerns about numerous policies and practices, all matters of public concern. She claims that her reporting of these concerns resulted in hostility and, ultimately, in retaliation against her. The Amended Complaint alleges that Plaintiff attempted to file a grievance against the employees she believed were harassing her, but the TBR would not allow her to use the grievance process. Plaintiff avers that, as a result of the hostility surrounding her, in September of 2017, she requested to be transferred back to the position of tenured professor at Nashville State and specifically requested that her Agreement be honored with regard to the conversion of her salary. Plaintiff claims that Nashville State again assured her that her transfer would proceed according to the Agreement, including the condition that her salary would be converted at no less than 80% of her administrative salary.

Plaintiff asserts that Defendants TBR and Flora Tydings, Chancellor, denied her transfer at the requested salary conversion rate, in violation of the Agreement and in violation of the TBR policy that provides that, upon conversion, the base faculty salary is reduced to an academic year contract at a rate no less than 80% of the fiscal year contract. Plaintiff claims she attempted to resolve this dispute with Defendant McCormick, Interim President of Nashville State, but McCormick stated that she, McCormick, intended to ignore the Agreement.

Plaintiff alleges that, on or about February 12, 2018, Defendants notified her they had terminated her appointment as Vice President of Institutional Effectiveness and ordered her to return to her faculty position at a lower-than-80% salary rate. Plaintiff argues that Defendants also assigned her to an unfavorable, difficult and undesirable teaching schedule, prohibited her from

using accrued annual leave, and prohibited her from sending college-wide emails without prior review and approval. She avers that, as a result of the denial of her transfer salary request, she received a much lower salary than she should have received under the Agreement and TBR policy.

Plaintiff asserts that Defendants denied her request for a salary on the terms to which she was entitled and, more specifically, did so in retaliation for her speech on matters of public concern. She alleges claims for retaliation in violation of her First and Fourteenth Amendments, breach of contract (the Agreement), taking of a property interest in her job without due process in violation of the Fifth and Fourteenth Amendments, inducement to breach a contract (the Agreement), and violation of certain state statutes concerning employee protections. Doc. No. 7.

The remaining Defendants, Tydings and McCormick, have moved for summary judgment on all Plaintiff's claims, based on Plaintiff's filing of a claim with the Tennessee Claims Commission allegedly based on the same acts or omissions alleged herein.

## MOTION FOR SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). In other words, even if genuine, a factual dispute that is irrelevant or unnecessary under applicable law is of no value in defeating a motion for summary judgment. *See id.* at 248. On the other hand, "summary judgment will not lie if the dispute about a material fact is 'genuine[.]'" *Id.*

A fact is "material" within the meaning of Rule 56(c) "if its proof or disproof might affect the outcome of the suit under the governing substantive law." *Anderson*, 477 U.S. at 248. A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Harris v. Klare*, 902 F.3d 630, 634-35 (6th Cir. 2018).

The party bringing the summary judgment motion has the initial burden of identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Pittman v. Experian Information Solutions, Inc.*, 901 F.3d 619, 627-28 (6th Cir. 2018). If the summary judgment movant meets that burden, then in response the non-moving party must set forth specific facts showing that there is a genuine issue for trial. *Id*. at 628.

A party asserting that a fact cannot be or genuinely is disputed—i.e., a party seeking summary judgment and a party opposing summary judgment, respectively—must support the assertion by citing to materials in the record, including, but not limited to, depositions, documents, affidavits or declarations. Fed. R. Civ. P. 56(c)(1)(A). On a motion for summary judgment, a party may object that the supporting materials\ specified by its opponent "cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Upon such an objection, the proponent of the supporting material must show that the material is admissible as presented or explain how it could be presented in a form that would be admissible. *Thomas v. Haslam*, 303 F. Supp. 3d 585, 624 (M.D. Tenn. 2018); *Mangum v. Repp*, 2017 WL 57792 at \*\* 5 (6th Cir. Jan. 5, 2017) (citing Fed. R. Civ. P. 56(c) advisory committee's note to 2010 amendment).

The court should view the facts and draw all reasonable inferences in favor of the non-moving party. *Pittman*, 901 F.3d at 628. Credibility judgments and weighing of evidence are improper. *Hostettler v. College of Wooster*, 895 F.3d 844, 852 (6th Cir. 2018). As noted above, where there is a genuine dispute as to any material fact, summary judgment is not appropriate. *Id*.

The court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id*. The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence upon which the jury could reasonably find for the nonmoving party. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

## TENNESSEE CLAIMS COMMISSION ACT

The Tennessee Claims Commission Act provides persons with the opportunity to file, with the Tennessee Claims Commission ("TCC"), causes of action for monetary damages against the state—claims that plaintiffs are not otherwise able to pursue in federal or state courts because of sovereign immunity. Tenn. Code Ann. § 9-8-301, *et seq.*; *Eachus v. Haslam*, Civil No. 3:15-cv-944, 2016 WL 323675, at * 5 (M.D. Tenn. Jan. 27, 2016). In filing a claim with the TCC, a claimant in exchange waives her right to any cause of action based on the same act or omission that the plaintiff has against any state officer or employee. *Id.*; Tenn. Code Ann. § 9-8-307(b). Specifically, the statute provides:

> (b) Claims against the state filed pursuant to subsection (a) shall operate as a waiver of any cause of action, based on the same act or omission, which the claimant has against any state officer or employee. The waiver is void if the commission determines the act or omission was not within the scope of the officer's or employee's office or employment.

Tenn. Code Ann. § 9-8-307(b). Thus, the sole exception to this waiver occurs if the TCC determines that the act or omission was not within the scope of the officer's or employee's office or employment. *Id.*; *Waddle v. Comm'r, Tenn. Dep't of Correction*, No. 3:15-01309, 2017 WL 6442143, at # 3 (M.D. Tenn. Dec. 15, 2017). No party has asserted that the exception applies here.

The TCC Act waives the state's sovereign immunity and provides claimants with a cause of action and a deep pocket that they would not otherwise be able to pursue. In exchange for this

5

waiver, the Act imposes a strict election-of-remedies requirement. *Mullins v. Hall*, No. 10-0966, 2011 WL 2618557, at * 2 (M.D. Tenn. July 1, 2011) (citing *Haley v. Univ. of Tenn.—Knoxville*, 188 S.W.3d 518, 524 (Tenn. 2006)). In *Haley*, the Tennessee Supreme Court held that the filing of a claim with the TCC waives all other causes of action against any state officer or employee based on the same act or omission, even if the claim with the TCC is later withdrawn or voluntarily non-suited. *Haley*, 188 S.W.3d at 524.

Plaintiff argues that the acts that form the basis for her claim before the TCC are not the same acts as those forming the basis for this lawsuit. A comparison of the two complaints is therefore required. Doc. No. 7 (Amended Complaint) and Doc. No. 33-1 (Claim for Damages).

The Claim for Damages at the TCC alleges that Nashville State Community College breached its Agreement with her, causing an adverse change in employment. Many of the paragraphs in Plaintiff's Claim for Damages are copied verbatim from her Amended Complaint in this action. She alleges the existence of the policy and of discussions with Defendants concerning that policy before she took the administrative position. She asserts that she requested the transfer back to a tenured professor and requested that her Agreement and Defendants' promises be honored. She contends that the TBR denied her request for transfer at the requested salary conversion rate and terminated her employment as Vice President of Institutional Effectiveness, ordering her to return to the faculty at the reduced salary. Plaintiff alleges that she has suffered loss of income, loss of benefits, humiliation, emotional distress, and damage to her reputation. Doc. No. 33-1. Plaintiff argues, in response to Defendants' Motion, that her claim before the TCC "involves the act of Nashville State denying Plaintiff's transfer request from an administrative position back to a faculty position at the requested salary conversion rate of 80% as well as

stripping Plaintiff of benefits as allotted to her by contract and failing to provide proper notice of the termination of her agreement." Doc. No. 35-1 at 8.

As noted above, Plaintiff's claims herein are for retaliation in violation of her First and Fourteenth Amendment rights, breach of contract (the Agreement), taking of a property interest in her job without due process in violation of the Fifth and Fourteenth Amendments, inducement to breach a contract (the Agreement), and violation of certain state statutes concerning employee protections. These causes of action arise from the termination of Plaintiff's employment as Vice President of Institutional Effectiveness, an administrative position, her return to a faculty position, and Defendants' alleged failure to honor her Employment Agreement with regard to her salary. Plaintiff seeks lost wages and benefits to which she allegedly is entitled and compensatory damages for humiliation, embarrassment, emotional distress, and damage to her reputation. Doc. No. 7.

The Amended Complaint sets forth five Counts. The first alleges that "Defendants' actions of eliminating Plaintiff's appointment and transferring Plaintiff back to her faculty position without adhering to Defendants' contractual obligations" violated Plaintiff's First Amendment right to free speech. Doc. No. 7 at ¶ 65. The alleged adverse employment action in the First Count is Nashville State's refusal to comply with Plaintiff's Agreement when it transferred her back to a faculty position.

The Second Count, for breach of contract, involves exactly the same acts or omissions as Plaintiff's TCC Claim for Damages. Plaintiff's Third Count alleges that Defendants violated Plaintiff's due process rights when they "summarily violated Plaintiff's Agreement and eliminated her appointment without notice." Plaintiff contends that Defendants interfered with her proprietary interest in her job by "abrogating Plaintiff's Agreement and decreasing her salary beyond what the

7

Agreement contracted." Doc. No. 7 at ¶¶ 87 and 91. The Fourth Count, Inducement to Breach of Contract, is filed against Defendant McCormick only. This claim is tied to and follows directly from Plaintiff's breach of contract claim.

Finally, the Fifth Count alleges violations of Tenn. Code Ann. §§ 8-50-116 and 49-14-103, which Plaintiff characterizes as "Tennessee State Employee Protections." These statutes prohibit retaliation against state employees for reporting violations by a state agency of state or federal law or regulations. In this Fifth Count, Plaintiff asserts that Defendants violated the state statutes by subjecting her to intimidation and harassment; by recommending or acting to transfer, reassign, discipline, or otherwise discriminate against her; and by taking "adverse action" against her. To the extent the Fifth Count avoids waiver because it goes beyond the facts and circumstances surrounding Plaintiff's move from an administrative position to a faculty position and associated lower salary, the Court, in its discretion, declines to exercise supplemental jurisdiction over it and thus will dismiss it without prejudice. 28 U.S.C. § 1367(c)(3).

Thus, even though Plaintiff argues that the actions underlying her breach of contract claim "are by no means" the basis for Plaintiff's constitutional and contract claims (the first four counts asserted in the Amended Complaint), all such counts are based upon Defendants' termination of Plaintiff's administrative position and their alleged failure to honor Plaintiff's Agreement with regard to her salary. In the Amended Complaint, Plaintiff has alleged facts surrounding Defendants' motivations, but the adverse employment action identified is, without fail, transfer from an administrative position to a faculty position without honoring her Agreement as to salary—the basis for her TCC claim. Because the constitutional and contract claims are based on the same acts or omissions as the claims before the TCC, they have been waived. *Haley*, 188 S. W. 3d at 524. Without the acts or omissions alleged in the Amended Complaint, Plaintiff would

have neither this claim nor her TCC claim; those facts are the basis for both claims. *Thomson v. Harmony*, 65 F.3d 1314, 1319-20 (6th Cir. 1995), cited by Plaintiff himself, is to similar effect. In *Thomson,* interpreting an Ohio statute with the same operative language regarding waiver (by filing in the state court of claims) contained in Tenn. Code Ann. § 9-8-307(b), the Sixth Circuit found that the plaintiff by statute had waived his damages claims (including Section 1983 claims and state-law claims) brought in federal court. The Sixth Circuit reasoned that the federal lawsuit and the action filed in the Ohio Court of Claims, though asserting different causes of action, were "based on the same act or omission"—namely, his expulsion from a facility of a state university by which he was employed *Id.* at 1320. The similarities between *Thomson* and this case are striking. Suffice it so say that, as in *Thomson*, irrespective of how the causes of action were framed, the same acts of Defendants form the basis of Plaintiff TCC breach of contract claim and his constitutional and breach of contract claims in this action.

The Sixth Circuit has read the waiver provision in Tenn. Code Ann. § 9-8-307(b) broadly. *Mullins v. Hall*, No. 10-0966, 2011 WL 2618557 at * 3 (M.D. Tenn. July 1, 2011) (citing *White v. Gerbitz*, 860 F.2d 661, 664 (6th Cir. 1988). For example, the Sixth Circuit has held that filing the TCC claim activates the waiver, regardless of the subsequent disposition of the claim. *See Mullins*, 2011 WL 2618557 at * 5, and on appeal, *Mullins v. Hall*, 470 F. App'x 476, 477 (6th Cir. 2012); *see also Haley*, 188 S. W. 3d at 524. In *White*, the court found that when a plaintiff elects to sue the state before the TCC, he waives any "cognate"[1] federal cause of action. *White*, 860 F.2d at 662.

The Court finds that Plaintiff has waived her claims against Defendants in this action by filing her claim with the Tennessee Claims Commission. Her TCC claim arises from the same

---

[1] The Court interprets the word "cognate," in accordance with dictionary sources, to mean similar in nature.

facts and occurrences, the same acts or omissions, as the claims for constitutional violations she sets forth herein. Plaintiff had a choice—she could file her claims in federal court or in the TCC. The waiver provision does not violate her individual rights because she had an option not otherwise available to her (bringing a claim against the State before the TCC), and if she did not like the statutory option, she was perfectly free to reject it and pursue only her Section 1983 action against the state officials. *Mullins*, 2011 WL 2618557 at * 3 (citing *In re Drew*, 1997 WL 441752 at * 3 (6th Cir. Aug. 5. 1997)). Tennessee may legally require a plaintiff to choose between the administrative proceeding provided by the Claims Commission and a lawsuit in federal court. *In re Drew*, 1997 WL 441752 at * 3 (citing *White*, 860 F.2d at 663-664).

For all these reasons, Defendants' Motion for Summary Judgment will be granted. Plaintiff's claims will be dismissed with prejudice, except for her claims in Count Five, under the Tennessee statutory provisions, which will be dismissed without prejudice. An appropriate Order will be entered.

IT IS SO ORDERED.

*[signature: Eli Richardson]*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE